[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: JURISDICTION REGARDING. ISSUES OF CUSTODY AND VISITATION
The plaintiff has moved for specific visitation with his minor children, Brittany, age 2, and Shane, age 1. He seeks joint custody of his children in his complaint. The defendant in her cross complaint seeks sole custody of the minor children.
At the time of the defendant's motion for alimony, I custody and support pendente lite the court was advised of custody proceedings previously held in the Commonwealth of Virginia on May 21, 1990. At that time the court entered no pendente lite custody orders simply indicating that it would not disturb the Virginia court order. (See order of June 22, 1990.)
The factual issues in this matter really are not in dispute. On November 24, 1989, the defendant and the two minor children went to Roanoke, Virginia to visit her parents. On November 30, 1989, the defendant called the plaintiff and informed him she would not be returning.
On February 5, 1990, the defendant mother filed a petition in the courts of the Commonwealth of Virginia for the entry of a preliminary protection order alleging that the minor child Brittany had been sexually abused by the plaintiff father. On February 8, 1990, a hearing was held in the Virginia courts, and it was ordered that the plaintiff father's visitation was to be supervised by the Department of Social Services. Subsequently on April 2, 1990, plaintiff filed a motion to amend or modify that order of visitation to be made more liberal and without supervision. On May 21, 1990, a hearing was held and orders entered granting legal custody of Brittany and Shane to the defendant and specific visitation for the plaintiff on June 9, 10, and July 14 and 15 from 9:00 a.m. to 5:00 p. m. supervised by the Roanoke County Department of Social Services. This order also provided that thereafter unsupervised visitation was to be scheduled. On August 10, plaintiff was granted unsupervised visitation.
The matter was subsequently transferred to Enrico CT Page 4143 County Juvenile and Domestic Relations District Court for that court to determine future visitation. The mother defendant was moving to Richmond for a job opportunity.
The action in Connecticut was commenced on May 1, 1990, less than six months following the defendant's removal of the children to Virginia on November 24, 1989. This court has jurisdiction to make a child custody determination pursuant to46b-90 et seq. of the General Statutes. Section 46b-93 (1)(B) of the General Statutes provides that this court shall have jurisdiction to make a child custody determination. Connecticut is the home state of the children. Agnello v. Becker, 184 Conn. 421
(1981). Jurisdiction also exists under the provisions of 46b-93 (2)(A) and (B). Physical presence of the children is not a prerequisite for jurisdiction to determine custody. Section 46b-93 (c) of the General Statutes.
Connecticut has jurisdiction for dissolution of the parties' marriage, alimony, property division and support. It is the most convenient forum for resolving the issues of custody and visitation.
On the other hand, Virginia also has jurisdiction to determine the issues of custody and visitation, the children having now lived in that state for more than six months. Jurisdiction lies in Virginia under the section of the Virginia code equivalent to our 46b-93 (2)(A) and (B). These are, then, simultaneous proceedings and there exists concurrent jurisdiction. Section 46b-96 of the General Statutes directs this court to communicate with the judge of the other jurisdiction in which proceedings are pending.
This court has conferred with the Enrico County Juvenile and Domestic Relations District Court, Commonwealth of Virginia. That court has deferred to this court believing that it is is in the interest of judicial economy for all matters to be considered together.
The issues of child custody and visitation are referred to Family Services for mediation. If mediation is unsuccessful, then for investigation. Counsel for the parties shall report to Family Services for completion of necessary information.
Orders shall enter in accordance with the foregoing.
EDGAR W. BASSICK, III, JUDGE